# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

No. 12-51287
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR LOPEZ-GARCIA. also known as Juan Alberto Carrazco,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-384-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Victor Lopez-Garcia (Lopez), also known as Juan Alberto Carrazco, appeals his sentence after pleading guilty to illegally entering the United States after deportation. He was sentenced to 46 months in prison, at the bottom of the correctly calculated guideline range.

Lopez contends that his sentence was unreasonable because it was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). We

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review the sentences for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Because there is no dispute that the guidelines range was properly calculated, Lopez's sentence at the bottom of the range is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Lopez argues that his sentence is not worthy of a presumption of reasonableness because the illegal-reentry Guidelines are not empirically based. But he acknowledges that this argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009) (refusing to second-guess a district court's decision "simply because the particular Guideline is not empirically-based").

By contending that the district court gave inadequate consideration to his personal circumstances and his motive for reentering, and too much weight to his criminal history, Lopez is asking this court to substitute his assessment of the sentencing factors for the district court's reasoned assessment. We decline, because to do so would be contrary to the deferential review dictated by *Gall*. *See Gall*, 552 U.S. at 51. Lopez's mere disagreement with the sentence does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The judgment is AFFIRMED.